IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>RAJESH MOTIBHAI PATEL | Criminal Action No.<br><br>1:23-CR-133-WMR-JEM |

**Government's Sentencing Memorandum**

The United States of America, by Richard S. Moultrie, Jr., Acting United States Attorney, and Jennifer Keen, Assistant United States Attorney for the Northern District of Georgia, files this sentencing memorandum in support of its Guidelines objections. This Court should apply a +2 enhancement to the Guidelines calculation for the abusive sexual contact conviction because the victim was in the custody, care, and control of the Defendant. This Court should also apply a +6 enhancement to the Guidelines calculation for the deprivation of civil rights conviction because the Defendant acted under color of law.

On November 5, 2024, a jury found Defendant Rajesh Motibhai Patel guilty of deprivation of civil rights (Count Seven) and abusive sexual contact (Count Eight). Doc. 99. Because the Guidelines for Count Seven depend on the Guidelines for Count Eight, the government begins by addressing Count Eight.

1.  **Count Eight – Abusive Sexual Contact**

The government agrees that U.S.S.G. § 2A3.4 is the applicable offense Guidelines section, and that the base offense level should be 12, pursuant to

U.S.S.G. § 2A3.4(a)(3). PSR ¶ 30. The government objects to the lack of a +2 enhancement, pursuant to U.S.S.G. § 2A3.4(b)(3), for the victim being "in the custody, care, or supervisory control of the defendant." According to the Commentary Application Notes, "subsection (b)(3) is intended to have broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently." U.S.S.G. § 2A3.4 Comm. App. n.4(A).

In this case, the victim was the Defendant's patient. PSR ¶ 14. She was literally entrusted to his care every time she sought medical attention. The United States Probation Office (USPO) did not apply this enhancement because the application note states, "For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement." U.S.S.G. § 2A3.4 Comm. App. n.4(A). The plain language of the application note states that this is but an example, not an exhaustive list. USPO's argument ignores the part of the application note that states this subsection is to have "broad application," and that "the court should look to the actual relationship that existed between the defendant and the victim and not simply to the legal status of the defendant-victim relationship." *Id.* Teachers, day care providers, and babysitters are examples of those who would care for minors. But the offenses covered by U.S.S.G. § 2A3.4, such as abusive sexual contact, are not limited to minor victims. Thus, this Court should not limit its view on what relationships this enhancement covers to teachers, day care providers, and babysitters.

2

The government could not find any case law on point related to the doctor-patient relationship. But it would fly in the face of common sense to hold that a patient is not entrusted and placed under a doctor's care when that patient seeks medical attention.

Should the Court agree with the government and apply this +2-level enhancement, then the role enhancement applied by USPO, pursuant to U.S.S.G. § 3B1.3, should not apply, as it would be double counting. *See* PSR ¶ 33; U.S.S.G. § 2A3.4 Comm. App. n. 4(B). The adjusted offense level would remain 14. PSR ¶ 35.

**2. Count Seven – Deprivation of Civil Rights**

The government agrees that U.S.S.G. § 2H1.1 is the applicable offense Guidelines section. The base offense level is "the offense level from the offense guideline applicable to any underlying offense." U.S.S.G. § 2H1.1(a)(1). The underlying offense is the abusive sexual contact, Count Seven. Based on the government's argument above, this should be 14.

Section 2H1.1 further provides, "if the offense was committed under color of law, increase by six levels." U.S.S.G. § 2H1.1(b)(1)(B). The jury found Patel guilty of depriving A.H. of her right to bodily integrity while acting under color of law. PSR ¶ 11. Thus, this enhancement applies. Patel objects.

First, Patel argues that this enhancement is double counting because the offense of conviction itself requires as an element that the defendant act under color of law. *See* Def. Objs. at 2. He also argues that the +6 enhancement for color of law for Count Eight is double counting if the Court applies the +2

enhancement for "custody, care, or supervisory control" in Count Seven. *Id.* at 3. The Second Circuit disagrees with Patel. *See United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000).

In *Volpe*, the defendant was a police officer who sexually abused a man in custody. *Id.* at 74. The district court applied the +2 enhancement for "custody, care, or supervisory control" to the Guidelines calculation for the sexual abuse conviction, and applied the +6 enhancement for color of law to the Guidelines calculation for the deprivation of rights conviction. *Id.* at 75. "[M]ultiple adjustments may properly be imposed when they aim at different harms emanating from the same conduct. The two adjustments at issue here do not serve identical purposes, but rather address separate sentencing considerations. The color-of-law adjustment punishes abuse of authority…. The in-custody adjustment, by contrast, punishes abuse of power over an individual in the officer's physical and legal control." *Id.* at 76. Not all assaults by individuals acting under color of law occur while the victims are in custody. A defendant acting under color of law does not necessarily contemplate a victim who is in custody or control by the defendant. Accordingly, the Second Circuit affirmed the district court's application of both enhancements. *See also United States v. Tou Thao*, 2022 U.S. Dist. LEXIS 130494, at *4 (D. Minn. Jul. 22, 2022); *United States v. Douglas*, 957 F.3d 602, 608 (5th Cir. 2020).

This Court should follow the Second Circuit's rationale. Then, the adjusted offense level would be 20. PSR ¶ 29. With a criminal history category I, this produces an advisory custody Guidelines range of 33-41 months.

**Conclusion**

This Court should apply a +2 enhancement because the victim was in the care of the Defendant, and a +6 enhancement because the Defendant committed the offense under color of law.

Respectfully submitted,

RICHARD S. MOULTRIE, JR.
*Acting United States Attorney*

/s/JENNIFER KEEN
*Assistant United States Attorney*
Georgia Bar No. 231778
Jennifer.Keen@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

                        Manny Arora, counsel for Patel

February 11, 2025

                                      /s/ JENNIFER KEEN
                                      JENNIFER KEEN
                                      *Assistant United States Attorney*